IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALDREAMA MCKNIGHT, | * | |
| PLAINTIFF, *pro se*, | * | |
| v. | * | Civil Action No. RDB-20-2919 |
| THE JOHNS HOPKINS HOSPITAL, | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Aldreama McKnight ("Plaintiff" or "McKnight"), proceeding *pro se*, brings this action against her former employer, Defendant The Johns Hopkins Hospital ("Defendant" or "Johns Hopkins"), alleging that Defendant discriminated against her based on her sex and disability and retaliated against her for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Presently pending are Defendant's Motion to Dismiss (ECF No. 14) and Plaintiff's Request to File a Motion for Order of Default (ECF No. 18). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's Request to File a Motion for Order of Default (ECF No. 18) is DENIED and Defendant's Motion to Dismiss (ECF No. 14) is GRANTED.

## **BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.)*

*Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). McKnight's one-page Complaint alleges that she was "not being treated fairly, and retaliated against" by Johns Hopkins and that she has "documentation of the discriminatory acts committed against [her], and also co-workers that support [her]…and have witnessed these acts against [her] as well." (Compl., ECF No. 4-3.) Plaintiff provides her Equal Employment Opportunity Commission ("EEOC") Charge, which she originally filed on February 29, 2016 and later amended on June 7, 2016. (*See* ECF Nos. 4-1, 4-2.) Plaintiff's Amended Charge alleges that she was discriminated against on the basis of her sex and her disability, in addition to being retaliated against for filing an earlier EEOC Charge on April 9, 2015. (*See* Amended EEOC Charge, ECF No. 4-2.)

In her Amended Charge, McKnight alleges that she was not selected for a promotion for which she applied and that the position was filled by a man without a disability who had less experience. (*Id.*) As to her alleged disability, Plaintiff notes that she "currently possess [sic] a physical impairment that substantially limits [her] ability to perform one or more major life activities." (*Id.*) On May 20, 2020, the EEOC closed Plaintiff's file, issuing her a Right to Sue letter and adopting the Maryland Commission on Civil Rights's finding of "no probable cause to believe that [Defendant] discriminated against the [Plaintiff] on the basis of sex, disability and retaliation…" (Right to Sue Letter, ECF No. 4-3; Maryland Commission on Civil Rights Written Finding, ECF No. 4.)

Plaintiff originally brought suit in the Circuit Court for Baltimore City, Maryland on August 17, 2020. (State Compl., ECF No. 1-2.) Plaintiff mailed the Summons via Certified Mail to "The Johns Hopkins Hospital Legal Department" at 5801 Smith Avenue, Suite 310, Baltimore, Maryland, 21202, which arrived on September 8, 2020. (ECF No. 1-3; ECF No.

17 at 3.) Despite not serving Defendant's resident agent as required, the Summons was ultimately forwarded on September 14, 2020 to Johns Hopkins. (*See* ECF No. 20-2.) On October 9, 2020, Defendant removed the action to this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.) On October 16, 2020, Defendant filed the presently pending Motion to Dismiss. (ECF No. 14.) On October 22, 2020, Plaintiff filed a Request to File a Motion for Order of Default. (ECF No. 18.)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint

need not include "detailed factual allegations," it must set forth "enough factual matter [taken as true] to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV*, LLC, 846 F.3d 757, 765 (4th Cir. 2017). A court, however, is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.*

(citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

**ANALYSIS**

I. **Entry of default is improper.**

McKnight asserts that an entry of default against Johns Hopkins is warranted because it did not timely respond to her Complaint. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default is not warranted in this case.

Johns Hopkins asserts that default is improper because it was never properly served and because McKnight was not prejudiced by any delay in its response. As "state law governs the sufficiency and service of process before removal," this Court looks to the Maryland Rules of Civil Procedure on service of process. *See Eccles v. National Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998). Under Maryland Rule 2-121(a), service of process must be made by:

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy

of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Maryland Rule 2-124(d) requires that service on a corporation, such as Defendant, is to be made by serving the corporation's resident agent, president, secretary, or treasurer.

Johns Hopkins argues that service was improper because McKnight never served its resident agent and because the summons was not sent "restricted delivery." While the "plain requirements for the means of effecting service of process may not be ignored," where the defendant has actual notice of the action, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc v. Penrod-Stauffer Bldg Sys., Inc.*, 733 F.3d 1087, 1089 (4th Cir. 1984). Here, Defendant concedes that it had actual notice of the action as of September 14, 2020, when the summons was forwarded to Defendant. (*See* ECF No. 20-2.) Accordingly, there is no reason for this Court to invalidate Plaintiff's service of process. However, because Defendant asserts it did not have notice of the action until September 14, 2020, Defendant's October 9, 2020 Notice of Removal was timely filed and there is no basis to enter default against Defendant. Consequently, Plaintiff's Request to File a Motion for Order of Default (ECF No. 18) is DENIED.

**II.      Plaintiff fails to state a claim.**

Plaintiff's Complaint consists of a one-page letter "requesting a Right to Sue against the Johns Hopkins Hospital," and asserting that Plaintiff has "documentation of the discriminatory acts committed against [her], and also co-workers that support [her]…have witnessed these acts against [her] as well." (Compl., ECF No. 4-3.) Plaintiff attaches various documents to her Complaint, including her Amended EEOC Charge, Right to Sue Letter, and the Maryland Commission on Civil Rights's Written Finding of "no probable cause" of

discrimination. (*See* ECF Nos. 4, 4-2, 4-3.) None of these documents, however, shed any light on her allegations and how Johns Hopkins may have discriminated against her. Instead, they contain Plaintiff's conclusory allegations that Defendant selected a white male without a disability and with less experience than Plaintiff for a position for which Plaintiff applied. (ECF No. 4-2.) As to any retaliation claim, McKnight only alleges that she filed an EEOC Charge on April 9, 2015 and was denied a promotion on November 26, 2015. (*Id.*) Finally, while Plaintiff attempts to supplement her allegations in her Opposition (ECF No. 17), she fails to allege any facts that would support a failure to promote or retaliation claim. Moreover, it is well-settled that a plaintiff cannot amend her complaint through briefing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint.").

**A. Failure to Promote**

To establish a prima facie case of discrimination for failure to promote, a plaintiff must prove by a preponderance of the evidence that she (1) belongs to a protected group; (2) applied for the positions at issue; (3) was qualified for those positions; and (4) was rejected under circumstances that give rise to an inference of unlawful discrimination. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996). In this case, Plaintiff alleges she was denied a single promotion in favor of a male without a disability. As a female with an alleged physical disability, Plaintiff is a member of two protected classes. Nevertheless, her allegations are insufficient to allege that she was qualified for the promotion in question.

7

Although McKnight may have perceived her own work as satisfactory, as explained by the Fourth Circuit in *Evans*, "[i]t is the perception of the decision maker which is relevant," not the self-assessment of the plaintiff. 80 F.3d. at 960–61 (quoting *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)). Moreover, even assuming she was qualified, Plaintiff fails to allege facts that show her application was rejected for unlawful reasons. The allegation that Plaintiff was more qualified than a male without a disability is insufficient to state a claim. *See McCleary-Evans v. Md. DOT*, 780 F.3d 582, 586 (4th Cir. 2015) (holding allegations that chosen candidate was outside protected class was not enough); *Wileman v. Frank*, 979 F.2d 30, 38 (4th Cir. 1992) ("'[T]he employer has discretion to choose among equally qualified candidates provided the decision is not based upon unlawful criteria.'" (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). As a result, Plaintiff has failed to state an actionable failure to promote claim under Title VII.

**B. Retaliation**

The elements of a retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). A protected activity may fall into two categories, opposition and participation. 42 U.S.C. § 2000e-3(a). The participation clause protects an employee from retaliation where he "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. *Id.* As for the opposition clause, the Fourth Circuit has held that "protected oppositional activities may include 'staging informal protests and voicing one's own opinions in order to bring

attention to an employer's discriminatory activities,' as well as 'complaints … about suspected violations.'" *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (quoting *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543-55 (4th Cir. 2003)).

While McKnight alleges that she engaged in protective activity by filing an EEOC Charge on April 9, 2015, which resulted in Johns Hopkins's failure to promote her, she has wholly failed to allege any facts to support these conclusory statements. Nor does her Complaint sufficiently allege a causal link between the two. This Court has held that an inference of a causal connection exists where the adverse action occurs "shortly after learning of the protected activity." *Cepada v. Bd. of Educ. of Baltimore County*, 814 F. Supp. 2d 500, 515 (D. Md. 2011). Such presence of a "close" temporal relationship between the protected activity and the alleged adverse action can be sufficient to establish a causal connection at the pleading stage. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (holding that alleged "temporal proximity" must be "very close" to satisfy this third element). The Fourth Circuit has not set forth a specific timeframe for what constitutes "very close." *Pascaul v. Lowe's Home Centers, Inc.*, 193 Fed. App'x 229, 233 (4th Cir. 2006). However, in cases where the temporal proximity is "missing," "courts may look to the intervening period for other evidence of retaliatory animus." *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

Plaintiff submitted the EEOC Charge on April 9, 2015. (See ECF No. 4-2.) Seven months later, on November 26, 2015, she was notified that she was not selected for the promotion. (*Id.*) Such a lengthy gap between Plaintiff's alleged protected activity and the

9

alleged denial of her promotion does not show the temporal proximity required to state a retaliation claim and, indeed, serves to "negate the inference of discrimination." *See Johnson v. United Parcel Service, Inc.*, No. RDB-14-4003, 2016 WL 4240072, at *6-7 (D. Md. Aug. 11, 2016) (citing *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004)). McKnight simply has not alleged plausible facts that could assert a causal nexus between her protected activity and the denial of her promotion. As a result, she has also failed to state an actionable retaliation claim under Title VII.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 14) is GRANTED and Plaintiff's Request to File a Motion for Order of Default (ECF No. 18) is DENIED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated: November 30, 2020

                                                                                                                                             /s/

                                                      Richard D. Bennett
                                                      United States District Judge